NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NEW GENERATION DEVICES, INC.,<br><br>    Plaintiff,<br><br>  vs.<br><br>SLOCUM ENTERPRISES, INC. AND D. BARCLAY SLOCUM TRUST AGREEMENT<br><br>    Defendants. | Civil Action No. 04-2583 (KSH)<br><br>**OPINION** |

**KATHARINE S. HAYDEN, U.S.D.J.**

Plaintiff New Generation Devices, Inc. ("New Generation") filed a complaint against defendants Slocum Enterprises, Inc. ("Slocum Enterprises") and D. Barclay Slocum Trust Agreement ("Slocum Trust") for declaratory judgment of non-infringement and invalidity of a patent. Defendants filed and then withdrew a motion that sought either dismissal for lack of personal jurisdiction, or a transfer to the district of Oregon. Thereafter, defendants renewed the motion to dismiss for lack of personal jurisdiction, which this Court referred to Magistrate Judge Patty Shwartz. Judge Shwartz heard oral argument and delivered a Report and Recommendation ("R & R") from the bench, recommending that this Court dismiss the complaint against both defendants for lack of personal jurisdiction. Plaintiff has raised and timely filed objections to

1

certain portions of the R & R. For the reasons that follow, the Court adopts the R & R. Accordingly, defendants' motion to dismiss the complaint is **granted**.

I.    STANDARD OF REVIEW

The Court "shall make a *de novo* determination of those portions [of an R & R] to which objection is made and may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L.Civ.R. 72.1(c)(2); see also Fed.R.Civ.P. 72(b). In the Third Circuit, it is also the practice of the district judges "to give some reasoned consideration to the (remainder of the) magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The Court may use the record developed by the Magistrate Judge to make its own determinations. L.Civ.R. 72.1(c)(2).

II.   BACKGROUND

Magistrate Judge Shwartz made the following findings in the course of her oral opinion. D. Barclay Slocum invented a method of veterinary orthopedic surgery called Tibial Plateau Leveling Osteotomy ("TPLO"), and obtained patents for both the method and the devices used in the procedure. (Tr. of R & R 47:19-25.) Slocum Enterprises is an Oregon corporation with its principal place of business in Eugene, Oregon, that manufactures and sells the devices and conducts training seminars in their use. (Tr. of R & R 48:4-10.) D. Barclay Slocum transferred the TPLO patents to defendant Slocum Trust, also situated in Oregon, which licenses the TPLO devices to the veterinarians who complete the training seminars. (Tr. of R & R 51:9-11; 19-25.)

New Generation manufactures a surgical fixation plate known as the Unity Cruciate Plate that is also used for veterinary orthopedic surgery. (Compl. ¶¶ 7, 12.) On February 12, 2004, Slocum Trust and Slocum Enterprises sued New Generation in the District of Oregon for patent

2

infringement, alleging that New Generation's plate infringes upon one of the patented Slocum devices known as the Tibial Osteotomy Fixation Plate. (Tr. of R & R 54:1-5; Compl. ¶ 12.) The district court dismissed for lack of personal jurisdiction. (Tr. of R & R 54:5-7.) On June 2, 2004, New Generation filed this action against Slocum Enterprises and Slocum Trust seeking a declaratory judgment of patent non-infringement and invalidity.

In their motion to dismiss, defendants argue that this Court's exercise of personal jurisdiction over them would violate due process because they do not have sufficient minimum contacts with New Jersey. They point out that their sales in New Jersey account for less than one percent of their total sales and that their only contacts with New Jersey are the 11 New Jersey veterinarians who are certified to use the TPLO method and devices. Defendants also point out that the contact with the 11 certified veterinarians in New Jersey was initiated by the veterinarians, not by defendants. In addition, defendants maintain that their website does not form the basis of general personal jurisdiction because it is passive – it merely allows customers to enter their contact details in order to receive seminar and product information and does not allow customers to purchase products. They further argue that the burden of forcing them to litigate in New Jersey would not be fair or reasonable because they are small, centrally located in Oregon, and controlled by one person, Mrs. Theresa Slocum. Defendants assert that Oregon has a greater interest in protecting the patent rights of its residents than New Jersey has in providing its residents a forum for the type of declaratory judgment sought by plaintiff, and that Oregon would be a more efficient forum for two out of the three parties to the case.

Plaintiff argues that defendants are subject to general personal jurisdiction in New Jersey because they specifically target the state by training, certifying, and licensing New Jersey

3

veterinarians in the TPLO method, and that they directly target the New Jersey market through their website. Plaintiff reasons that since the certified New Jersey veterinarians were bound to purchase defendants' devices every time they perform surgery using the TPLO method, the veterinarians themselves form a functioning sales network through which defendants market their products in New Jersey. Plaintiff maintains that because information about the certified veterinarians in New Jersey is available on defendants' website, the website is not merely a passive marketing tool but is sufficiently interactive to assert general jurisdiction over defendants. Moreover, plaintiff asserts that the total of 143 invoices mailed to veterinarians in New Jersey demonstrates substantial contact with New Jersey such that general jurisdiction is warranted. Finally, plaintiff argues that there is specific jurisdiction over defendants because the declaratory judgment action arises out of a dispute over the patents that cover the devices and methods that defendants sell and license in New Jersey.

      In her R & R, Judge Shwartz found that New Jersey could not properly exercise general jurisdiction over defendants because they lacked sufficient contacts with the state to meet the constitutional requirements. She also found that New Jersey could not exercise specific jurisdiction over defendants because the cause of action did not arise from or relate to defendants' contacts with New Jersey.

      In its objections, plaintiff contends that Judge Shwartz erred by improperly focusing on defendants' sales percentages in New Jersey, and by failing to consider defendants' continuous and systematic business conduct in New Jersey and the sales network that defendants maintain in New Jersey through their licensed veterinarians and through their website.

4

**III.   DISCUSSION**

In determining personal jurisdiction issues in a patent case, the law of the Federal Circuit applies, including a declaratory judgment action like this one, where the patentee is the defendant. Akro Corp. v. Luker, 45 F.3d 1541, 1543 (Fed. Cir. 1995); see also Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1358 (Fed. Cir. 1998). Two inquiries are involved: can the defendants be served with process under the forum state's long arm-statute; and does assertion of jurisdiction comport with federal due process? Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1359-1360 (Fed. Cir. 2001). Jurisdiction under the New Jersey long-arm statute, N.J. Ct. R. 4:4-(c), is co-extensive with the due process requirements of the United States Constitution. Carteret Sav. Bank v. Shushan, 954 F.2d 141, 145 (3d Cir. 1992); see also Charles Gendler v. Telecom, 102 NJ 460, 469 (1986). Where a state long-arm statute authorizes personal jurisdiction to the full extent allowed under the federal constitution, the Federal Circuit's two-prong test for personal jurisdiction collapses into one inquiry – whether assertion of jurisdiction comports with federal due process under the United States Constitution. Inamed, 249 F.3d at 1360.

**A.   Sales Percentages in Determining Personal Jurisdiction**

Plaintiff argues that the R & R improperly relied on sales percentages in determining personal jurisdiction, and claims that "it is well-settled that percentages are irrelevant in determining personal jurisdiction." (Pl.'s Objection to R & R at 4, citing Provident Nat'l Bank v. Cal. Fed. Savings & Loan Ass'n, 819 F.2d 434, 437-438 (3d Cir. 1987).) Plaintiff relies on Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 416 (1984) for the proposition that neither the dollar amount of sales nor the number of customers is "dispositive on the issue of

5

whether a party has engaged in 'continuous and systematic' activity that would subject a party to personal jurisdiction." Rather, "the important consideration is whether the nature of a party's contacts with the forum state is 'central to the conduct of its business.'" 466 U.S. at 438.

For its contention that percentages are irrelevant in determining personal jurisdiction, plaintiff relies primarily on two Third Circuit cases: Provident National Bank v. California Federal Savings & Loan Association, 819 F.2d 434, 437-437 (3d Cir. 1987), and Gehling v. St. George's School of Medicine, 773 F.2d 539, 543 (3d Cir. 1985). In response, defendants assert that Federal Circuit case law applies, and they cite to numerous cases from the Federal Circuit in which the court considered percentages as a significant factor in determining personal jurisdiction.

Plaintiff's reliance on Third Circuit precedence assumes that the Federal Circuit defers to the Third Circuit for the purposes of the New Jersey long-arm statute – which would be correct were this a forum state whose long-arm statute is not co-extensive with federal due process. Under those circumstances, the Federal Circuit defers to the interpretation of the appropriate state and circuit courts for the state long-arm prong of the inquiry. See, e.g., Graphics Controls Corp. v. Utah Med. Prods., Inc. 149 F.3d 1382, 1385-1386 (Fed. Cir. 1998) (specifically holding that "[b]ecause the New York long-arm statute does not extend to the full extent of federal due process," the Federal Circuit should apply New York and Second Circuit law in interpreting the long-arm statute). However, since New Jersey's long-arm statute is co-extensive with federal due process, plaintiff's first argument, the essence of which is that Third Circuit law should apply to the state long arm prong of the personal jurisdiction test, must fail. Therefore, Federal Circuit law is applied to the entire inquiry and Third Circuit precedent on the effect of sales

6

percentages in a personal jurisdiction inquiry, insofar as it is different, neither controls nor is given deference. See, e.g., Akro Corp., 45 F.3d 1541 (Ohio long-arm statute that is co-extensive with federal due process collapsed into a single inquiry with federal due process analysis; Federal Circuit case law applied to entire inquiry); Red Wing Shoe Co., 148 F.3d 1355 (Minnesota long-arm statute that is co-extensive with federal due process collapsed into a single inquiry with federal due process analysis; Federal Circuit case law applied to entire inquiry); Zeneca Ltd. v. Mylan Pharm., Inc., 173 F.3d 829 (Fed. Cir. 1999) (Maryland long-arm statute that is co-extensive with federal due process collapsed into a single inquiry with federal due process analysis; Federal Circuit case law applied to entire inquiry); HollyAnne Corp. v. TFT, Inc., 199 F.3d 1304 (Fed. Cir. 1999) (Nebraska long-arm statute that is co-extensive with federal due process collapsed into a single inquiry with federal due process analysis; Federal Circuit case law applied to entire inquiry); Inamed, 249 F.3d 1356 (California long-arm statute that is co-extensive with federal due process collapsed into a single inquiry with federal due process analysis; Federal Circuit case law applied to entire inquiry).  Since Federal Circuit case law applies to the entire personal jurisdiction inquiry, Judge Shwartz properly relied on Federal Circuit law in using the percentage of sales in New Jersey as one of the factors in her personal jurisdiction inquiry.

      The Court agrees with the portion of defendants' objection that maintains that neither sales percentages nor quantity of sales is dispositive when considering personal jurisdiction.  But, significantly,  Judge Shwartz did not consider low sales percentages or numbers to *be* dispositive. She considered several other factors, such as the fact that defendants do not own property in New Jersey, do not pay taxes in New Jersey, do not maintain offices in New Jersey, do not have

employees in New Jersey, do not come to New Jersey to solicit sales, do not have any physical presence in New Jersey, do not have any sales representatives in New Jersey, and are not registered to do business in New Jersey. (Tr. of R & R 71:14-22.)   Judge Shwartz found that these factors, seen in combination, do not rise to the level of minimum contacts necessary to exercise personal jurisdiction over these defendants.  The Court adopts her findings and concludes *de novo*, that under applicable Federal Circuit law percentage of sales may properly be considered as a factor  in determining personal jurisdiction.

**B.**     **Impact of Defendants' Alleged New Jersey Sales Network**

Plaintiff next objects that Judge Shwartz failed to consider "the extensive New Jersey sales network that [defendants have] established and promoted on [their] website," positing that the veterinarians who are certified to use the TPLO method in New Jersey "essentially operate as New Jersey distributors" of defendants' products. (Pl.'s Objection to R & R at 9.) According to plaintiff,  this amounts to "purposeful availment" of the privileges of New Jersey, which constitutes evidence of defendants' continuous and systematic contacts with New Jersey sufficient for personal jurisdiction over them.  Defendants' response to plaintiff's objection did not directly address this argument, but stated that any contact with New Jersey beyond the limited sales and licenses was incidental and "not jurisdictionally significant."  (Defs.' Response to Pl.'s Objection to R & R at 7.)

The Court notes that Judge Shwartz was cognizant of plaintiff's characterization of the veterinarians as a "sales network," and she referenced it throughout her discussion of defendants' contacts with New Jersey and found to the contrary. She noted, for example, that contrary to a "sales network" distributing the product, there was no evidence of solicitation of sales by any

8

representative of defendants. (Tr. of R & R 71:20-22.) She distinguished three patent cases, <u>LSI Industries Inc. v. Hubbell Lighting, Inc.</u>, 232 F.3d 1369 (Fed. Cir. 2000), <u>3-M Innovative Properties Co. v. InFocus Corp.</u>, 2005 WL 361494 (D. Minn. 2005), and <u>Synopsys, Inc. v. Ricoh Company, Ltd.</u>, 343 F.Supp.2d 883 (N.D.Cal. 2003), in which the courts found personal jurisdiction based, in part, on broad distributorship in the forum, significant business presence in the forum, and a sales office in the forum (Tr. of R & R 68:25-69:1-21), all of which she found lacking in the case at bar. She distinguished another case where the court found general jurisdiction, <u>AMP, Inc. v. Methode Electronics, Inc.</u>, 823 F. Supp. 259, 268 (M.D.Pa. 1993), because that defendant's sales in the forum were regular and substantial. (Tr. of R & R 70:2-10.)

As for the significance of defendants' website, Judge Shwartz pointed out that the website is largely informational and merely allows interested parties to enter their contact information to obtain more information about the product and the veterinarians that are certified in its use. (Tr. of R & R 79:13-19.) She held that plaintiff did not demonstrate by a preponderance of the evidence that any New Jersey users have actually accessed the limited mechanisms available on the website. (Tr. of R & R 80:11-18.) She concluded, and the Court agrees, that to subject defendants to personal jurisdiction based on the mere possibility that a New Jersey user could access these website features is inconsistent with the requirements of due process. (Tr. of R & R 80:18-81:1.) <u>Zippo Manufacturing Co. v. Zippo Dot Com, Inc.</u>, 952 F.Supp. 1119 (W.D.Pa. 1997) and its progeny have identified the interactive nature of a website as determinative of whether the website is sufficient to subject a defendant to personal jurisdiction in the forum. (Tr. of R & R 74:15-79:12.) Judge Shwartz properly concluded that the level of interactivity of plaintiff's website is at the low end of the spectrum, and subjecting

defendants to personal jurisdiction on the basis of a predominantly informational, non-interactive website would be inconsistent with due process. (Tr. of R & R 80:25-81:1.)

Judge Shwartz applied appropriate law and came to the proper conclusion that personal jurisdiction has not been established as a result of a "sales network" in New Jersey evidenced by defendants' website.

**IV.    CONCLUSION**

For the reasons stated above, the Court does not find any merit in plaintiff's objections to the R & R.  In the course of addressing the objections, the Court has had the opportunity to read and review the remainder of the R & R and  agrees with the reasoning and authorities used by Judge Shwartz.  Accordingly, Judge Shwartz's R & R dated May 28, 2005 is adopted in full and defendants' motion for dismissal based on lack of personal jurisdiction is **granted**.


Dated: November 14, 2005                              s/ Katharine S. Hayden
                                                     Katharine S. Hayden, U.S.D.J.